**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**

Civil Action No. 3:26-cv-00958

| | |
|---|---|
| VAN PENG LING,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | **COMPLAINT**<br>(Federal Tort Claims Act,<br>28 U.S.C. §§ 1346(b), 2671–2680)<br><br>(Non-Jury) |

Plaintiff Van Peng Ling ("Plaintiff"), by and through undersigned counsel, complaining of Defendant United States of America (the "United States"), alleges and says as follows:

## NATURE OF THE ACTION

1. This is a civil action under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and 2671–2680 (the "FTCA"), seeking money damages for personal injuries and property damage Plaintiff sustained on November 9, 2024, when a United States Postal Service vehicle operated by a Postal Service employee crossed the solid double yellow center line of Sunset Road in Charlotte, North Carolina, and collided head-on with Plaintiff's vehicle.

## PARTIES

2. Plaintiff Van Peng Ling is a citizen and resident of Mecklenburg County, North Carolina.

3. Defendant United States of America is sued under the FTCA for the negligent acts and omissions of its employee described below. The United States Postal Service ("USPS") is an independent establishment of the executive branch of the United States Government, 39 U.S.C. §

201, and the provisions of Title 28 relating to tort claims apply to tort claims arising out of its activities, 39 U.S.C. § 409(c).

4. At all times relevant to this Complaint, Mildred Margarite Tate ("Tate") was, upon information and belief, an employee of the USPS. On November 9, 2024, Tate was operating a USPS vehicle identified in the investigating officer's report as USPS Van 1266706 (the "USPS Van"), which, upon information and belief, was owned by the USPS.

## JURISDICTION AND VENUE

5. This Court has exclusive original subject matter jurisdiction over this action under 28 U.S.C. § 1346(b)(1), which vests the district courts with jurisdiction over civil actions against the United States for money damages for personal injury and loss of property caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his or her employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

6. The acts and omissions complained of occurred in Charlotte, Mecklenburg County, North Carolina. North Carolina law therefore governs the United States' liability. 28 U.S.C. § 1346(b)(1).

7. Venue is proper in this District under 28 U.S.C. § 1402(b) because Plaintiff resides in this District and the acts and omissions complained of occurred in this District. Assignment to the Charlotte Division is proper because Plaintiff resides in, and the collision occurred in, Mecklenburg County.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. Plaintiff presented his administrative claim arising from the collision to the USPS on Standard Form 95, signed June 25, 2026, which the USPS received within two years after the claim accrued, as required by 28 U.S.C. §§ 2401(b) and 2675(a). The claim stated a sum certain of $1,000,000.00. A true and accurate copy of the Standard Form 95 is attached hereto as **Exhibit A**.

9. The USPS did not make a final disposition of Plaintiff's claim within six months after it was filed, and Plaintiff has elected to treat that failure as a final denial of the claim pursuant to 28 U.S.C. § 2675(a).

10. Plaintiff has satisfied all administrative prerequisites to filing this action. The damages sought in this action do not exceed the amount of the claim presented to the USPS, except to the extent permitted by 28 U.S.C. § 2675(b).

## FACTUAL ALLEGATIONS

11. On November 9, 2024, at approximately 11:37 a.m., Plaintiff was lawfully driving his 2015 Chevrolet (the "Ling Vehicle") westbound on Sunset Road in Charlotte, Mecklenburg County, North Carolina.

12. At the location of the collision, Sunset Road is a public roadway on which eastbound and westbound traffic are separated by a solid double yellow center line.

13. Plaintiff was driving in the westbound lane, within his lane of travel, and was operating the Ling Vehicle with due care.

14. At the same time, Tate was operating the USPS Van eastbound on Sunset Road, in the opposite direction from Plaintiff.

15. Tate drove the USPS Van across the solid double yellow center line and into the westbound lane, where Plaintiff was lawfully traveling, and collided head-on with the Ling Vehicle.

16. Upon information and belief, the USPS Van's encroachment into the westbound lane also caused a third vehicle, which was traveling westbound near the Ling Vehicle, to swerve to the right onto the grassy shoulder, where it struck a posted "Traffic Signal Ahead" sign.

17. The Charlotte-Mecklenburg Police Department responded to the scene and prepared a North Carolina DMV-349 crash report. Upon information and belief, the driver of the third vehicle gave the investigating officer the same account of the USPS Van's movement as Plaintiff did.

18. Plaintiff was not negligent and did nothing to cause or contribute to the collision.

19. As a result of the collision, the Ling Vehicle was disabled and had to be towed from the scene, and Plaintiff was injured.

**CLAIM FOR RELIEF**

**NEGLIGENCE AND NEGLIGENCE PER SE (28 U.S.C. § 1346(b)(1))**

20. Plaintiff realleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

21. Under North Carolina law, Tate owed Plaintiff a duty to operate the USPS Van with reasonable care, to keep a proper lookout, to keep the USPS Van under control, and to obey the motor vehicle laws of North Carolina.

22. Tate breached that duty and was negligent in one or more of the following ways:

(a) Failing to drive the USPS Van on the right half of the roadway and crossing the solid double yellow center line into the lane of oncoming traffic, in violation of N.C. Gen. Stat. § 20-146(a);

(b) Failing to keep a proper lookout;

(c) Failing to keep the USPS Van under proper control;

(d) Operating the USPS Van without due caution and circumspection and in a manner likely to endanger persons and property, in violation of N.C. Gen. Stat. § 20-140; and

(e) Otherwise failing to exercise the care that a reasonable and prudent person would have exercised under the same or similar circumstances.

23. Tate's violations of the foregoing statutes, which were enacted for the safety of the motoring public, constitute negligence per se under North Carolina law.

24. At all times relevant to this Complaint, Tate was an employee of the Government acting within the scope of her office or employment, 28 U.S.C. §§ 1346(b)(1) and 2671, in that she was operating a USPS vehicle in the course of her employment with the USPS.

25. Under North Carolina law, a private employer would be liable for the negligence of an employee acting within the scope of her employment. The United States is therefore liable to Plaintiff in the same manner and to the same extent as a private individual under like circumstances. 28 U.S.C. § 2674.

26. Tate's negligence was the actual and proximate cause of the collision and of the injuries and damages sustained by Plaintiff.

## DAMAGES

27. As a direct and proximate result of the negligence of the United States' employee, Plaintiff sustained bodily injuries, including but not limited to, injuries to his neck, his left wrist, hand, and fingers, and his lower back, including strain of the muscle, fascia, and tendon of the lower back, and has endured physical pain and suffering, mental anguish, and emotional distress, and will continue to do so in the future.

28. As a further direct and proximate result, Plaintiff has incurred, and will in the future incur, reasonable and necessary medical and related expenses, and has suffered, and may in the future suffer, lost earnings and loss of earning capacity, in amounts to be proven at trial. Upon information and belief, some or all of Plaintiff's injuries are permanent in nature.

29. As a further direct and proximate result, the Ling Vehicle was damaged and rendered undrivable, and Plaintiff has sustained property damage, towing and related charges, and loss of use of the Ling Vehicle, in amounts to be proven at trial.

30. Plaintiff is entitled to recover from the United States compensatory damages for his personal injuries in an amount to be determined by the Court, not to exceed $1,000,000.00, the sum certain presented in his administrative claim, except as permitted by 28 U.S.C. § 2675(b).

## NON-JURY ACTION

31. This action arises under the FTCA and is therefore to be tried by the Court without a jury. 28 U.S.C. § 2402.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays the Court as follows:

1. That the Court enter judgment in favor of Plaintiff and against the United States for compensatory damages for Plaintiff's personal injuries, in an amount to be

determined by the Court and not exceeding the amount of the administrative claim presented to the USPS, except as permitted by 28 U.S.C. § 2675(b);

2. That the Court enter judgment in favor of Plaintiff and against the United States for Plaintiff's property damage, towing and related charges, and loss of use of the Ling Vehicle, in an amount to be proven at trial;

3. That the costs of this action be taxed against the United States as allowed by law;

4. That this action be tried by the Court without a jury; and

5. For such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 9th day of November, 2026.

**LAW OFFICES OF DEBRUN & ARMSTRONG**
/s/ Patrick D. Campbell
Patrick D. Campbell
N.C. State Bar Number: 62793
1512 East Fourth Street
Charlotte, North Carolina 28204
Phone: (704) 405-5505
Email: Patrick@debrun.net
*Attorney for Plaintiff*